2007 VT 112

**STATE of Vermont v. Carl SEARS, Jr.**

[945 A.2d 832]

No. 06-108

*Kupersmith*, J.

¶ 1. November 14, 2007. Defendant Carl Sears, Jr. appeals from denial of his motion for correction of sentence, claiming that our decision in *State v. Provost*, 2005 VT 134, 179 Vt. 337, 896 A.2d 55, renders his sentence illegal. We affirm.

¶ 2. Defendant was originally charged with first-degree murder for the murder of his wife. On January 24, 2001, he entered into a plea agreement in which he agreed to plead guilty to second-degree murder. The terms of the agreement included a stipulation that "there is not a presumptive minimum of 20 years" imprisonment as was provided in the homi-

cide-sentencing statute. See 13 V.S.A. § 2303 (amended by 2005, No. 119 (Adj. Sess), § 2, effective May 1, 2006). The parties further agreed that the State would not argue for a sentence greater than thirty-five-years-to-life imprisonment, and defendant would not argue for a sentence less than twenty-years-to-life imprisonment.

¶ 3. At the time of defendant's sentencing, the homicide-sentencing statute prescribed a presumptive term of twenty-years-to-life imprisonment for second-degree murder, but allowed the court to deviate from that term if it found by a preponderance of the evidence that aggravating or mitigating factors justified such a deviation. See 13 V.S.A. § 2303 (pre-amendment). At defendant's sentencing hearing on May 1, 2001, the court found that several aggravating factors outweighed the one mitigating factor argued by defendant, and imposed a sentence of thirty-five-years-to-life imprisonment. Pursuant to Vermont Rule of Appellate Procedure 3(b)(2), defendant's life sentence triggered an automatic appeal to this Court. Defendant waived the appeal in November 2001, and the Court dismissed it.

¶ 4. On January 23, 2006, defendant filed a motion for correction of sentence, claiming that he was sentenced in violation of our holding in *State v. Provost*, 2005 VT 134. See V.R.Cr.P. 35. In *Provost*, we held that the homicide-sentencing scheme was unconstitutional because it allowed judges to increase the statutory minimum sentence based upon facts not found beyond a reasonable doubt by a jury. 2005 VT 134, ¶ 15. While *Provost* was decided after defendant's case was final, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Sixth Amendment case on which *Provost* was based, had been decided while defendant's case was still pending appeal. The trial court denied defendant's motion for correction of sentence on February 22, 2006, reasoning

that defendant had waived his *Provost* argument because he failed to raise *Apprendi* on direct appeal. Defendant now appeals the court's decision.

¶ 5. On appeal, defendant argues that the court: (1) erred in finding a waiver of the *Provost* claim, and (2) should have applied the *Provost* decision retroactively to defendant.

¶ 6. We recently decided defendant's second issue on appeal, whether *Provost* applies retroactively on collateral review, and held that it does not. *State v. White*, 2007 VT 113, ¶ 15, 182 Vt. 510, 944 A.2d 203. Defendant, however, presents a unique argument not addressed in our first consideration of the issue. He claims that although he pled guilty to second-degree murder, and his plea colloquy covered that crime, he was sentenced to a penalty for a different crime — aggravated second-degree murder. As such, he contends that the new rule announced in *Provost* implicates the accuracy and fundamental fairness of his underlying conviction and is therefore a watershed rule deserving retroactive application on collateral review. See *Teague v. Lane*, 489 U.S. 288, 311-15 (1989).

¶ 7. We find no merit to defendant's argument. The minimum sentence for second-degree murder at the time of defendant's sentencing was twenty-years imprisonment, while the minimum sentence for aggravated murder was life in prison. Defendant here received a minimum sentence of thirty-five years, which was below the minimum for aggravated murder. Furthermore, the statutory aggravating factors for sentence-enhancement under 13 V.S.A. § 2303, and the elements for an aggravated murder conviction under § 2311 are different, undercutting defendant's argument that the factors found by the court by a preponderance of the evidence were elements of an elevated crime. Compare 13 V.S.A. § 2303 with 13 V.S.A. § 2311. Our holding in *White* applies with equal force to de-

fendant's case, and thus we affirm the trial court's denial of defendant's motion for correction of sentence.*

*Affirmed.*

Motion for reargument denied December 11, 2007.

---

* We decline to consider defendant's first issue on appeal – that the court erred in finding a waiver of the *Provost* claim, as defendant cannot succeed on the merits of his *Provost* claim.